## UNITED STATES v. CLARK et al.
### No. 2918.

District Court, D. Oregon.
March 31, 1947.

Henry L. Hess, U. S. Atty., and Edward B. Twining, Asst. U. S. Atty., both of Portland, Or., for plaintiff.

Stephen W. Matthieu, of Portland, Or., for defendants.

McCOLLOCH, District Judge.

Judgment is about to be entered for $42,480.81 under the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191.

A question about interest has arisen. Defendants have been holding the sum involved in Government bonds, pending the outcome of a series of hearings and arguments in the court on this and like cases. The Government is claiming interest at 6 per cent from the date of determination.

The Renegotiation Acts have not provided for interest, but a regulation of the War Contracts Price Adjustment Board has been cited as follows:

"(3) Interest at the rate of 6 per cent per annum accrues upon the amount determined as excessive profits to be eliminated less the tax credit, if any, from and after the date fixed in the demand for payment. * * *." (9 F.R., p. 12,847, October 26, 1944.)

United States v. Strontium Products Company et al., D.C., 68 F.Supp. 886, seems to state the correct rule to be applied in these cases. When a Federal statute is silent on interest, the matter becomes one for equitable determination. These defendants, who have not seriously contested the claim against them but have been merely waiting for the Court to make up its mind,

urge that in their case they should not be charged with higher interest than they have been able to earn on the money.

■■ This compels a consideration of the regulation cited above. Is such a regulation binding on the courts? Clearly not. An analogy suggests itself: Congress failed to prescribe a limitation period in the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. I should think the Administrator of that Act would have as much right to supply a limitation clause by regulation as what has been attempted here. Other like instances of administrative enlargement of authority are pointed out in Porter v. Fleishman et al., D.C., 71 F.Supp. 33.

There is equity in defendants' position and the interest rate will be 2½ per cent from the date of redetermination to date of judgment and 6 per cent thereafter.

#### Additional Opinion
#### June 23, 1947.

A number of group hearings have been held in the Renegotiation cases pending in the court and the first judgment is about to be entered.

I have been struck by the type of legislation Congress adopted to recover excessive profits.

■ The War Contracts Price Adjustment Board makes a unilateral determination of the amount due as excessive profits and demands immediate payment. This is followed by suit in the District Court, to which the contractor may not make a defense. He may not defend, because the Tax Court has been given exclusive jurisdiction to try his case de novo. The Tax Court's decision is final and not reviewable. Going into the Tax Court does not stay the case in the District Court. That case passes to judgment summarily.

■ This is another variation of the Yakus doctrine. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. The power we in this country call "The Government" can require the courts, state and federal, to reduce its claims to judgment and thereafter enforce them, without defenses being allowed.

Why serve summons in this type of cases? What need is there to notify a defendant who cannot defend?

How long this travesty of the judicial process is going to continue appears uncertain. The Supreme Court is plainly having difficulties with the statute, Aircraft & Diesel Equipment Corporation v. Hirsch, 67 S.Ct. 1493. The Justice who wrote the opinion in the case cited wrote the dissenting opinion in the Yakus case. The fundamental questions arising under the two statutes are the same. The state courts have already resisted being used as vessels to pour things in.