## UNITED STATES et al. v. UNITED DRILL & TOOL CORPORATION.

### Civ. A. No. 3874–47.

United States District Court
District of Columbia.

Nov. 23, 1948.

Robert Mandel, of Washington, D. C., of the Department of Justice, for plaintiffs.

William M. Aiken, of Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This case presents the question whether interest is payable on an amount due to the United States from a government contrac-tor under the Renegotiation Acts, 50 U.S. C.A.Appendix, § 1191. It is a case relating to a contract made during World War II.

Admittedly, neither the statute nor the determination makes any provision for interest. It has been held, however, that obligations for the payment of money to the United States impliedly bear interest on equitable principles, Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S.Ct. 995, 85 L.Ed. 1361.

The precise question involved in this case was determined in favor of the Government by the United States Court of Appeals for the Ninth Circuit in Sampson Motors, Inc., v. United States, 168 F.2d 878; in United States v. Strontium Prod-ucts Co., D.C., 68 F.Supp. 886, by Judge Moore in the Southern District of West Virginia; and in United States v. Clark, D.C., 72 F.Supp. 393, by Judge McColloch in the District of Oregon.

172

While, of course, these opinions are not binding on this Court, they are exceedingly persuasive, particularly as no Court has held the other way.

The defendant relies on the decision of the Supreme Court in Rodgers v. United States, 332 U.S. 371, 68 S.Ct. 5, which held that no interest was payable on penalties incurred under the Agricultural Adjustment Act of 1938, 7 U.S.C.A. § 1281 et seq. This conclusion was reached, however, on the basis that the statute provided for penalties. The dissenting opinion emphasizes this point by contending that the payments were not penalties. In the case at bar, admittedly amounts due under renegotiation agreements or determinations are not penalties and, therefore, it is the view of this Court that there is nothing in the Rodgers case which would detract from the authority of the cases to which reference has been made. This Court, therefore, holds that interest is payable on the amount due from a contractor to the United States under a renegotiation agreement or determination.

The next question is what rate of interest should be applied. Judge Moore, in United States v. Strontium Products Co., D.C., 71 F.Supp. 475, 477, applied the rate of six per cent. On the other hand, Judge McColloch, in United States v. Clark, supra, allowed interest at the rate of two and one-half per cent. The Court of Claims, in Arkansas Valley Railway v. United States, 68 F.Supp. 727, 107 Ct.Cl. 240, 259, held that a proper rate of interest in an action against the United States to recover just compensation is four per cent. The Court had been following the practice of awarding interest at six per cent, but the Government earnestly argued that a lesser rate of interest should be allowed and the Government prevailed.

It seems to the Court that the disposition of the matter by the Court of Claims is eminently proper. The purpose of interest is to award damages for delay in the payment of money unless interest is expressly provided by a contract or statute. The Court of Claims was correct in reaching the conclusion that an approach to the market rate of interest was the proper measure of damages rather than using the analogy of statutory interest. Consequently, this Court will award interest at four per cent.

Judgment will be rendered for the United States for interest at four per cent.

Counsel will submit proposed findings of fact and conclusions of law, and form of judgment.