Morris Kurtzon, Appellant, v. C. Kenneth Kurtzon et al., Appellees.

Gen. No. 44,306.

Opinion filed January 19, 1950. Rehearing denied February 8, 1950. Released for publication February 21, 1950.

IRVING GOODMAN, JACOB I. GROSSMAN and ALFRED B. TETON, all of Chicago, for appellant; IRVING GOODMAN, of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, and EDWARD GRAFF, all of Chicago, for appellees; JOSEPH B. FLEMING, THOMAS B. MARTINEAU and EDWARD GRAFF, all of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action to dissolve the Garcy Co. partnership and for appointment of a receiver to wind up the business. The Chancellor, pursuant to a Master's recommendation, found that plaintiff had wrongfully dissolved the partnership; appointed a receiver on petition of defendants, C. Kenneth Kurtzon and Albert Cohen (called petitioners herein); ordered the business liquidated; and reserved jurisdiction to take an account of damages suffered by the petitioners. Plaintiff has appealed.

In March 1941 the several parties were stockholders in the Garden City Plating and Manufacturing Company. Plaintiff was Chairman of the Board and Treasurer, George Kurtzon, President, and Charles Cohen, Secretary. Plaintiff and George Kurtzon are brothers and Charles Cohen, their brother-in-law. Defendant Albert Kurtzon is son of plaintiff, C. Kenneth Kurtzon, son of George, and Albert Cohen, son of Charles Cohen. George Kurtzon and Charles Cohen are not parties to this suit.

432

March 1, 1941, the defendants made a written agreement forming the Garcy Co. a partnership to manufacture fluorescent lighting equipment. Subsequently plaintiff was admitted to the firm. A substantial part of the business was war work. There were differences among the partners as there had been among the stockholders in the Garden City Co. On December 26, 1944, plaintiff notified the defendants in writing that he was dissolving the firm by withdrawing because of their breaches of the partnership agreement. He called them to a meeting in his lawyer's office to settle accounts, threatening suit if they failed to attend. They did not attend and this suit followed on January 9, 1945.

Issues were formed and referred to the Master. The parties agreed that Albert Kurtzon should operate the business in lieu of a receiver. He did so until January 1946 when he withdrew from active part in the business. Plaintiff then began to operate the business. In May 1946 C. Kenneth Kurtzon and Albert Cohen, filed their petition for a receiver. Issues made on it were also referred to the Master. The master's Report was filed June 6, 1947, a temporary receiver appointed June 12 and on July 9 the decree was entered.

█ Plaintiff claims error in the refusal of a continuance. Attorney Blum was plaintiff's attorney of record and his office associate, Attorney Keating, tried the case. On June 12 hearing on exceptions to the Master's Report was set for June 26 on motion of Attorney Shkoler who stated that Attorney Keating was ill. June 16 Attorney Goodman was given leave to appear as additional attorney for plaintiff. His motion to vacate the interlocutory order appointing the receiver was denied June 23. On June 26 Attorney Sang moved for continuance because Attorney Keating was still in the hospital. Attorney for petitioners agreed to a further continuance to July 3, the last day of court before summer vacation. On that day the

433

Chancellor denied the motion of Attorney Goodman and DeFalco for continuance on the ground that Attorney Keating was still incapacitated and that no one else could adequately argue the exceptions. We see no abuse of discretion in the ruling.

██ There is no merit in the contention that the Chancellor acted hastily in entering the decree or committed error in doing so without notice to a law firm, which had been previously served with a notice on another matter, though it was not of record. We presume the court knew the contents of the Master's Report when entering the decree thereon. He examined the record which disclosed no appearance by the law firm not served. The law firm made no objection that it was not served.

Before the Master, plaintiff withdrew his charges that defendants had violated the partnership agreement. The Master found that the equities were with the petitioners; that plaintiff took over operation of the business after his son quit, without consent of petitioners; that plaintiff had converted Garcy Co. cash into bearer bonds in amount of $105,000.00, which he held in his possession and control; and that plaintiff had organized Morris Kurtzon, Inc., a corporation, and a partnership with one Wain and was carrying on these businesses on the Garcy Co. premises, using its facilities and employees, and paying the corporation salaries and expenses with Garcy funds. The decree approved these findings. The Master did not find expressly, as the Chancellor did, that the plaintiff had caused a wrongful dissolution.

In his reply brief plaintiff prays for a reversal of the decree and a remandment of the cause with directions to find that plaintiff properly filed the suit to dissolve, acted reasonably and honestly in taking over the partnership, is not liable for losses in operation, and not liable for all costs of the proceeding. The suit

434

was filed presumably under Section 32 of the Partnership Act [Ill. Rev. Stat. 1949, ch. 106½, par. 32; Jones Ill. Stats. Ann. 97.32], but when plaintiff abandoned his charge that petitioners violated the agreement, he abandoned the basis alleged for judicial dissolution.

Plaintiff contends the evidence does not support charges of dishonesty and incompetence. There are no findings of incompetence nor any express findings of dishonesty in the Report or Decree. There is no order that plaintiff make good, to the receiver, any losses accruing during plaintiff's operation of the business. The only relevance these losses have is in the accounting of damages suffered by petitioners [ (Sec. 38 (2) II) ] [Ill. Rev. Stat. 1949, ch. 106½, par. 38, subpar. (2) II; Jones Ill. Stats. Ann. 97.38, subpar. (2) II] through plaintiff's refusal to permit petitioners to purchase his interest should we approve the finding of wrongful dissolution. Plaintiff has failed to show that the Master's findings of plaintiff's operation of Kurtzon, Inc. and the Wain Partnership and the making of tools in violation of the agreement are against the manifest weight of the evidence. There is a stipulation by petitioners' attorney which appears to admit that audits in evidence reflect no charges on Garcy books by Kurtzon, Inc. against the Garcy Co. There is testimony by plaintiff however that Garcy paid the corporation employees. These findings bear on the account to be taken.

Plaintiff's attorney told the Master that the only basis of his case was that plaintiff had the right to end the partnership whenever he felt he wanted to. The Chancellor found that the agreement was for a definite term and that the notice of December 26, 1944, expressed an act constituting a wrongful dissolution. Petitioners in their answer to the complaint offered to purchase plaintiff's interest and demanded the right to continue the business. These are remedies con-

sequent upon wrongful dissolution. Section (2) (b), Chapter 106½, Illinois Revised Statutes [Jones Ill. Stats. Ann. 97.38, subpar. (2) (b)]. We believe plaintiff's action December 26 dissolved the partnership. Whether the agreement was for a definite period and the dissolution wrongful are questions of law.

The agreement provides that the term is to be for ten years from March 1, 1941, subject to other provisions in the agreement for prior dissolution. The only "other provision" is that "upon dissolution" because of "death, withdrawal, or other act of any partner before expiration of the term," etc. This is not a "presupposition" that any member has the right to shorten the term by withdrawing. There is uncontroverted testimony that prior to 1941 there were "conflicts" among the members of the Garden City Co.; that the manufacture of lighting fixtures was becoming too large for Garden City; that the three defendants wanted to form a separate partnership; that the three defendants operated the partnership during 1941; and that Morris Kurtzon "did not like the lighting business," "was not very enthusiastic about pursuing the lighting business or about forming a new company for the purpose . . . ," "did not think that the lighting business was profitable or would be profitable," but nevertheless "felt that if it was going to be any business affiliated with the Garden City Co. he wanted to be in it." The partnership agreement gives remaining partners the right to purchase the interest of a withdrawing partner and continue the business. We think that that testimony and the provision indicate the defendants were primarily interested in forming a partnership which would last for at least ten years even if a partner might, in the interim, withdraw.

The agreement gave no unqualified right to withdraw and dissolve the firm. It could not do so. The

436

Partnership Act enumerates the causes of rightful dissolution where the agreement is for a definite term. Section 31, Chapter 106½, Illinois Revised Statutes [Jones Ill. Stats. Ann. 97.31]. No provision is made for dissolution by withdrawal. We have not been referred to, nor have we found, a case giving pertinent construction of this section of the Uniform Partnership Act. A reading of the Act makes it clear that the Act is intended to cover comprehensively the problem of dissolution. The statutory enumeration of the causes of dissolution precludes dissolution for any other cause. *People v. Wiersema State Bank,* 361 Ill. 75, 85; *Sammis v. Clark,* 13 Ill. 544; Sutherland Statutory Construction (2nd Ed.) page 921; 50 Amer. Juris. 238–241. The Act is intended to stabilize business. The intention would be defeated by permitting partners to do what plaintiff attempted to do in this case. The Chancellor correctly decided the questions of law. The dissolution was wrongful.

Plaintiff has not shown that the Chancellor abused his discretion in taxing all costs against plaintiff.

We have considered all the points properly before us and not abandoned in the reply brief.

*Decree affirmed.*

Lewe, P. J., and Burke, J., concur.