Morris Kurtzon, Plaintiff-Appellee and Cross-Appellant, v. C. Kenneth Kurtzon et al., Defendants-Appellees and Cross-Appellants. United States of America, Claimant-Appellant. Frank J. Murnighan, Receiver-Appellee and Cross-Appellant.

Gen. No. 45,164.

Opinion filed May 9, 1951. Released for publication July 5, 1951.

OTTO KERNER, JR., United States Attorney, of Chicago, for claimant-appellant; JOHN P. LULINSKI, and

MELVIN L. KLAFTER, Assistant United States Attorneys, of Chicago, of counsel.

EDWIN A. HALLIGAN, ALFRED B. TETON, and GRANT G. GUTHRIE, all of Chicago, for certain receiver-appellee and cross-appellant; FROELICH, GROSSMAN, TETON & TABIN, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a partnership liquidation proceeding in which the trial court, on motion of plaintiff, reduced from six per cent to four per cent per annum the rate of interest on a United States Government renegotiation claim. The Government has appealed.

Plaintiff filed a complaint January 9, 1945, for dissolution of the Garcy Lighting Company, a partnership. A decree of dissolution was entered July 9, 1947. In the decree the chancellor appointed a receiver to liquidate the partnership. The decree was affirmed by this Court. *Kurtzon v. Kurtzon,* 339 Ill. App. 431.

The partnership creditors were ordered to file claims with the receiver. The Government filed a claim for excessive profits received by the partnership in 1945 on war contracts. The claim is based on a Certificate of Settlement, dated December 4, 1947, issued by the United States Comptroller General. The Certificate is based on an order of the War Contracts Price Adjustment Board issued June 12, 1947. The Board found that, after allowing the Garcy Company due tax credits, there was owing to the Government, as of August 27, 1947, for excessive profits during 1945 the amount of $88,016.36. The Certificate of Settlement stated that interest at the rate of six per cent had accumulated in the amount of $1446.84 to December 4, 1947. The Government's claim is for these amounts and for a comparatively small balance due on a war surplus sale to Garcy.

Plaintiff petitioned the chancellor for an order directing payment of at least seventy per cent of the Government claim. He alleged that the claim was entitled to priority, with six per cent interest, and should be paid so as to prevent accumulating interest from depleting the assets available for other creditors. The receiver's answer admitted these allegations but sought to defer the payment of the Government claim so as to give the Government an opportunity to proceed against the individual partners. Subsequently a creditors' petition sought an order forcing contributions from individual partners in order to avoid circuity of action and multiplicity of suits.

C. Kenneth Kurtzon and Albert R. Cohen, defendants, answered the creditors' petition and asserted that the Government's claim and the claims of other creditors should be paid without delay. They stated that they had agreed to stipulate the amounts of individual partner contributions. They cross-petitioned for an order directing plaintiff and defendant Albert Kurtzon to pay to the receiver all amounts due the Government and creditors and whatever sums were needed to settle claims against the partnership. The stipulation referred to recited the desirability of paying the Government claim plus interest.

October 18th the chancellor, on the issues made by the various pleadings referred to, directed the receiver to pay the Government $95,000.00 instanter on its claim and ordered contribution by the individual partners in substantial accordance with the terms of the proposed stipulation. Thereafter plaintiff petitioned chancellor for a redetermination of the interest rate. On November 10, 1949, the chancellor modified his order of October 18, 1949. He found that the United States Renegotiation Act (U. S. Code, Title 50, Sec. 1191) made no provision for interest; that the rate fixed by the War Contracts Price Adjustment Board was not

binding on him; and that four per cent interest was fair under the circumstances. He allowed four per cent interest on the Government claim.

The question is whether the chancellor should not have allowed six per cent interest on the claim. This involves a determination whether the chancellor abused his discretion in making the allowance as he did.

██ Until the plaintiff asked for the reduction in the rate of interest, the several parties in the proceeding had acquiesced in the six per cent rate sought by the Government. The chancellor, however, through the receiver, was in possession of the partnership assets and was not bound by the conduct of the parties.

Neither the Renegotiation Act of 1942 nor any amendments to the Act made any provision for interest on Government claims against contractors for excessive profits. Congress did, however, pass appropriation Acts to enable the Secretary of the Treasury to make refunds of moneys erroneously collected from contractors as excessive profits. These Acts expressly stated that interest on the refunds should not exceed four per cent. Section 622 of the Joint Renegotiation Manual, under which renegotiation claims were administered, stated that it was proper procedure to demand six per cent interest. Section 626.2 (3) of the Renegotiation Regulations provided that interest at six per cent "accrues upon the amount determined as excessive profits . . . from and after the date fixed in the demand for payment."

██ In the absence of a prohibition against interest or of an interest rate fixed by Congress on moneys recoverable as excessive profits, the question of the rate to be allowed was for the chancellor. *Billings v. United States*, 232 U. S. 261; *Royal Indemnity Co. v. United States*, 313 U. S. 289; *Sampson Motors, Inc. v. United States*, 168 F. (2d) 878. The fact that the partnership did not avail itself of the opportunity for

review of the determination of the excessive profits provided for in the Renegotiation Act does not, in our opinion, interfere with the chancellor's discretion. The manual and regulations for those administering the Act did not bind the chancellor. Assuming that Congress knew of the manual's provisions with respect to the rates of interest, we cannot agree that because it did not establish a different rate of interest it thereby ratified the six per cent rate and that the chancellor was bound to allow that rate. Congress may have been satisfied to leave the question of the rate to negotiation between the agency and the contractors.

 The chancellor was not bound by rates fixed in United States Courts. The Government intervened in this liquidation proceeding. It is bound to accept the chancellor's determination unless the rate fixed is shown to be arbitrary. Furthermore the United States Courts have ranged widely in fixing rates of interest. See *United States v. United Drill and Tool Corp.*, 81 F. Supp. 171, where four per cent was allowed. Also see Mr. Justice Black's dissent in *Royal Indemnity Co. v. United States*, 313 U. S. 289, criticizing the approval of a six per cent allowance by the majority. There is no merit to the contention that we should be concerned with the establishment of a uniform rate of interest on renegotiation debts.

We are not convinced that the allowance of six per cent interest is necessary for speedy collection of renegotiation debts. There is nothing to show that the Government will suffer "extraordinary damage" or that Congressional policy will be thwarted by allowing four per cent interest. It should be noted that the Act covering refunds to contractors provided four per cent.

 It is our conclusion that no reason has been given which would justify a finding that the chancellor abused his discretion in allowing interest at four per cent on the Government claim.

476

The parties refer to a cross-appeal and defendants and the receiver are designated "Appellees and Cross-Appellants." No brief has been filed here by defendants. No cross-appeal has been perfected by any appellee. Supreme Court rule 35. The receiver makes and argues the point in his brief that no interest should have been allowed on the government claim. This is effectually seeking affirmative relief and cannot be presented by assigning cross-error. *Kanousis v. Lasham Cartage Co.*, 332 Ill. App. 525. Since there is no cross-appeal the point is not properly before us.

The question of the statutory interest rate and the allowance made by the chancellor is not before us.

For the reasons given the order appealed from is affirmed.

*Judgment affirmed.*

BURKE, P. J. and LEWE, J., concur.